### RHYNARD v BREWER

Ohio Appeals, 2nd Dist, Darke Co

No 552. Decided December 3, 1938

Walter F. Rhynard, Greenville, for plaintiff-appellant.

Wilbur D. Spidel, Greenville, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the final judgment of the Court of Common Pleas of Darke County, Ohio.

The cause originated in the court of J. H. Poling, Justice of the Peace in and for Brown Township, Darke County, Ohio. The case was tried before a jury and resulted in a verdict for the defendant.

Appeal was duly taken to the Common Pleas Court and there tried de novo on plaintiff's amended petition, defendant's answer, plaintiff's reply and the evidence.

The cause proceeded to a final determination resulting in a verdict for the defendant. Motion for new trial was duly filed, overruled and judgment entered on the verdict.

This is the final order from which plaintiff gave notice of appeal on questions of law.

The action grew out of a controversy over a farm tenancy, in which the plaintiff was the landlord and the defendant was the tenant.

The tenancy contract was in writing, dated Ferbruary 3, 1934. The original action before the Justice of the Peace was instituted in November, 1936.

Plaintiff sought damages against the defendant as presented in his amended petition under eight separate items herein set forth in full:

"Plaintiff says that during said term and in the year 1934, the defendant put out a crop of tomatoes on said farm unknown to said plaintiff, that said defendant harvested said crop of tomatoes and sold them for a sum of about $26.13 but failed to turn over to this plaintiff or his agent his one half share of the proceeds according to one of the provisions in said contract, thereby damaging this plaintiff in the sum of thirteen dollars and seven cents ($13.07).

Thereafter, the defendant remained upon said farm under said written contract except that said contract was altered by a subsequent writing duly signed and executed by both parties which provided that in addition to the original contract, the defendant must raise at least three acres of tobacco and at least three acres of potatoes on said farm beginning March 1, 1935 and ending March 1, 1937. The plaintiff says that the defendant remained on said farm during the term beginning March 1, 1936 and ending March 1, 1937 but that said defendant breached the terms of said contract by failing and refusing to put out the three acres of tobacco as provided by said contract. The plaintiff says that because of the failure and refusal of the defendant to put out the tobacco he has been damaged in the sum of seventy five ($75) dollars.

Plaintiff says that said contract provides that defendant cultivate said farm in a good and husbandlike manner and furnish all labor. The plaintiff says that the defendant failed to properly harvest approximately two acres of potatoes and because of said negligence and carelessness of said defendant about two acres of said potatoes were allowed to remain in the ground to freeze, thereby damaging this plaintiff in the sum of fifty ($50) dollars.

Plaintiff says that the said contract provided that said defendant could not cut down and use any live and growing trees on said farm without the written consent of the landlord. The plaintiff says that said defendant did cut down numerous live and growing trees growing upon said farm without the written consent of this plaintiff, some of which he wantonly cut down, converted to his own use and disposed of, thereby damaging this plaintiff in the sum of ten dollars and forty three cents ($10.43).

Plaintiff says that said contract provides that each party thereto must furnish one half of all seeds and fertilizers used on said farm. Plaintiff says that he furnished one bushel of little red clover seed to the defendant to be sown on said farm in the spring of 1937 but that the defendant failed and refused to sow said seed on said farm. The plaintiff says that the defendant wantonly converted said bushel of clover seed

to his own use and disposed of it. The plaintiff says that in consequence thereof, he has been damaged to the extent of twenty-one dollars and fifty cents ($21.50).

Plaintiff says that said contract provides that all crops produced on said farm were to be divided fifty-fifty or share and share alike but that the defendant, Lowell Brewer wantonly and negligently converted to his own use and disposed of about seventy-five (75) bushels of the plaintiff's undivided share of the corn crop produced in 1936 in violation of said contract, thereby damaging this plaintiff in the sum of seventy-five ($75) dollars.

Plaintiff says that said contract provides that he was to receive one-half of all hay grown on said farm but that said defendant wantonly, negligently and recklessly converted to his own use and disposed of approximately three tons of alfalfa hay belonging to said plaintiff in violation of said contract, thereby damaging said plaintiff to the extent of fifty ($50) dollars.

The plaintiff says that upon the request of the defendant he furnished said defendant approximately one hundred (100) feet of building lumber in the spring of 1937 for the purpose of constructing tobacco beds upon said farm. Plaintiff says that defendant wantonly tore up said tobacco beds, converted said lumber to his own use and disposed of it, thereby damaging this plaintiff to the extent of five ($5) dollars."

The defendant's answer to plaintiff's amended petition admitted the written contract of tenancy under date of February 3, 1934, and then followed with a general denial of all other allegations contained in the amended petition. The answer contained the further averments that plaintiff had neglected his farm for a period of ten years while away in Canada and that the fences and improvements on said farm were so run down that it was difficult to restrain cattle owned by other persons from entering the crops growing on said farm. Further, defendant averred that he harvested all crops, farmed the land in a good husbandlike manner and divided the proceeds of said farm with the plaintiff after the instituting of the lawsuit which was filed before all crops complained of had been harvested and divided.

Plaintiff's reply was in the nature of a general denial of all affirmative averments of the answer.

The bill of exceptions filed in the case does not contain any of the evidence except some exhibits.

The charge of the court is set out in full.

The assignments of error set out the following:

1. The verdict is contrary to the law and the evidence.

2. The verdict is manifestly against the weight of the evidence.

3. The court erred in the exclusion and omission of testimony.

4. The court erred in the admission of testimony of defendant over the objection of plaintiff.

5. The court erred in its charge to the jury.

6. All other errors apparent on the face of the record.

It is obvious that since we do not have before us the evidence, Assignments Nos. 1, 2, 3 and 4 must be overruled.

Appellant's brief, consisting of 33 pages, is directed in the main to Assignment No. 5: "The court erred in its charge to the jury."

Appellant's brief presents evidence of exhaustive research and extensive reading on the part of plaintiff's counsel.

We find between the covers of the brief 119 citations. We have no quarrel with any of the principles announced, but very few lend us any aid under the state of the record in the instant case. It shall not be our purpose to make direct reference to the citations, but rather to confine ourselves to an announcement of principles which we think are controlling.

We might say at the ouset that appellant's complaint of the charge of the court may or may not be well founded, depending on the nature of the evidence which we do not have before us.

We may start with the proposition that the judgment of the trial court is presumptively correct and will not be disturbed by a reviewing court except where prejudicial error affirmatively appears.

Counsel for appellant in his brief cites many Ohio cases, some of which question the above pronouncement, but in later years courts are receding from the earlier rule approaching the theory that any error was prejudicial.

The legislature has lent its aid to the relaxation of the rigors of the early rule. We refer to §11364, GC.

Counsel for appellant makes specific complaint that the trial court failed to recognize that plaintiff's amended petition seeking recovery was based upon two different causes of action: Paragraphs 4, 5 and 6 seeking recovery for breach of contract; and 7, 8, 9, 10 and 11 being an action in conversion.

Plaintiff's amended petition did not purport to set out two causes of action, but in form was one cause of action with eight separate paragraphs, identifying the specific damage and the amount claimed. In each of the eight paragraphs plaintiff claimed damages in specific amount, and in none did he specifically ask for recovery of the value of the item now claimed to be converted. Plaintiff should not be heard to complain that the trial court refers to his different items of claimed damages in the same language as contained in the amended petition.

Furthermore, we fail to see wherein the court's instruction would have been clarified or the jury benefitted by giving the definition of conversion and distinguishing it from damages for breach of contract.

Where possible, it is always preferable to speak within the jurors' understanding rather than to try to educate them as to the meaning of technical legal terms. It sometimes happens that the very nature of the controversy is such that there is no alternative but for the court so to do, but in the instant case the mere reading of any one of the eight specified claims would at once acquaint the jury as to the nature thereof. Really, the sole and only question is whether or not the plaintiff established his right to recovery through the preponderance of the evidence.

Counsel for plaintiff seems to be laboring under the impression that the court's charge to the jury is limited to the issues joined through the pleadings and unaffected by the nature of the evidence.

It is true that the issues are defined through the pleadings, but it is also true that the evidence before the court materially affects the language used defining their issue. Again, it not infrequently happens that the trial court withdraws from consideration of the jury some particular issue because of failure of proof. A reviewing court sometimes finds that one or more issues should have been withdrawn, which the trial court declined to do.

It must be kept in mind that a single formula is not an appropriate charge in every action for damages, but the trial court in its discretion should in every instance so instruct the jury that they may have an understanding, not only of the law but of its application under the disputed facts.

Another complete answer to appellant's complaint is that no request was made to the court to charge either before argument or at any other time. The record discloses that the trial court, after presenting his charge to the jury, inquired of counsel if they had any request to make, and none was made. The rule is well recognized that counsel may not sit idly by and permit errors of omission.

Counsel always owe a duty to participate in the trial in an effort to have the issues clearly and fully presented. Of course, if the trial court commits an error of commission, prejudicial in its character, a new trial must be given.

Complaint is made that the court failed to charge on the measure of damages under the eight separate items set out in the amended petition. It is urged that the court should have specifically instructed the jury to return a verdict for at least nominal damages. In the absence of a bill of exceptions containing all the evidence, we are unable to say whether or not plaintiff presented a case requiring the allowance of at least nominal damages.

It is also urged that the court should have charged on punitive or exemplary damages. We find nothing in the pleadings through which this issue was presented. We again repeat that we do not have the evidence. Furthermore, punitive damages could never arise where there are no actual damages, and the jury having returned a verdict of no damages, would in and of itself preclude any claim of punitive damages.

It is also urged that the court failed to explain to the jury the measure of damages. A decision of the Supreme Court is cited wherein it was determined that the trial court had committed prejudicial error in not defining the measure of damages. The case under consideration was a negligence action, and in the cited case involved the question of contributory negligence. The very nature of an action of this character demands an explanation of the court of the elements going to make up the cause of action, including the measure of damages. It is in the category of that class of cases wherein technical legal terms are involved.

This is not the situation in the instant case. As heretofore stated, the issues by their nature were very simple and required no understanding of legal terms in order to comprehend what the lawsuit was about.

Complaint is also made as to the charge of the court wherein he referred to the credit to be given to the various witnesses. We find nothing objectionable in what the

court said as to the credit to be given to the witnesses. He followed in substance the usual form. We are unable to conclude that its effect on the jury would be misleading.

Complaint is made that exhibts introduced by the defendant tended to cloud the main issue and prevent substantial justice. These exhibits are not presented through the bill of exceptions, nor are we advised under what circumstances they were presented and accepted.

The bill of exceptions discloses that while the jury was deliberating and before it had returned its verdict, they made inquiry as to whether or not they would have the right to divide the costs.

The trial court, in the presence of counsel for the respective parties, advised the jury that the matter of costs was not within their province, but was a question for the determination solely of the trial court, following the return of their verdict. No objection was made by counsel as to the manner or method of receiving and answering the communication from the jury. Counsel for appellant does urge, however, that this inquiry from the jury is evidence of their feeling that plaintiff was entitled to something, but were confused as to the basis for their judgment. The argument is made that the charge of the court was responsible for this confusion. We do not so find.

Considering the claimed errors singly and collectively, we are forced to the conclusion that in the absence of a bill of exceptions containing all of the evidence we are unable to find any prejudicial error.

It therefore follows that the judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Rendered January 5, 1939

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellant's application for rehearing.

In the outset and in answer to the second paragraph in the application, we desire to assure counsel for appellant that he need have no apprehension that this court will be antagonized through his presentation of his reasons for a new hearing.

The application is presented under Specifications 1, 2, 3 and 4.

Evidently counsel fails to understand our original opinion as it referred to the fact that a full and complete transcript of the evidence was not presented. Counsel had the absolute right to present only so much of the record as he felt would correctly present the errors complained of. The thought that we were conveying was that the character of some of the errors complained of would not be manifest in the absence of a bill of exceptions containing all the evidence. While it is true that the court in his charge must take the issues made up through the pleadings as his guide, yet the evidence relative to these issues influences and materially affects the court's charge. For instance, let us suppose that upon some issue the plaintiff presented no evidence at all. Under this condition, the court would withdraw that issue from being considered by the jury. Again, the evidence may not entirely conform to the issue and the averment as set out in the petition, and yet may not go so far as to be a departure. Most assuredly the court should charge this issue in the light of the presented evidence.

In other words, a reviewing court starts out with the theory that the judgment of the lower court is correct, and the same will not be disturbed until it affirmatively appears that error is present.

In the absence of a bill of exceptions containing all the evidence, it is proper, if possible, to presume that the evidence if presented would relieve the record of all claimed errors.

Counsel for appellee was not obligated to to secure a bill of exceptions or to take such steps as to bring up a complete bill if under the existing conditions he felt that the court would sustain the judgment under the deleted bill presented by appellant.

Under Specification 2 counsel for appellant asserts that appellee's failure to file a brief, as required under Rule 7 of our court, should be considered an implied admission that the law as cited by counsel for appellant should govern, and the assignment of errors well founded. We are unable to follow counsel in this reasoning.

It is true that the failure of counsel to file answer brief may jeopardize the case and it might frequently happen that a reviewing court would follow the brief of counsel for appellant. However, in the instant case counsel for appellee at the time of the call of the docket, orally stated that he waived answer brief and agreed to submit the case on the record.

Specification 3 is really a lengthy thesis on the social conditions involved in the

case, and while interesting, has no bearing on the claimed error presented to us.

Referring to counsel's comments as to exemplary damages, we gave our view on that proposition in the original opinion and do not think it necessary to make further comment.

Under Specification 4 it is again urged that the trial court committed error when he charged compensatory damages relative to the alleged breach of contract on failure to put out tobacco. Our view on this question is set out in the original opinion.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.